FILED'07 JUN 04 09:57usdc-orp

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

**UNITED STATES OF AMERICA,**                     **06-CR-450-BR**

        **Plaintiff,**                          **ORDER**

v.

**MICHAEL BAIRD JORDAN,**

        **Defendant.**

**KARIN J. IMMERGUT**
United States Attorney
**STEPHEN F. PEIFER**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204
(503) 727-1000

        Attorneys for Plaintiff

**STEVEN T. WAX**
Federal Public Defender
**GERALD M. NEEDHAM**
101 S.W. Main, Suite 1700
Portland, OR  97204
(503) 326-2123

        Attorneys for Defendant

1  - ORDER

**MICHAEL BAIRD JORDAN**
#711336
Multnomah County Detention Center
11540 N.E. Inverness Drive
Portland, OR   97220

**Defendant,** *Pro Se*

**BROWN, Judge.**

On May 24, 2006, the Court heard argument on and denied from the bench various motions filed by Defendant Michael Baird Jordan *pro se*, including Defendant's Motion to Recuse Petitioner's Judge, Anna Brown (#34). This Order supplements the record to reflect the reason why the Court did not refer Defendant's Motion to another judicial officer as suggested by Defendant's counsel at the beginning of the hearing.

In his Motion, Defendant asserts the undersigned judicial officer "has shown through her action(s) that she is predjudice[d] against Petitioner." In support of his Motion, Defendant points to the Court's statements in open court explaining the Court's findings of fact and conclusions of law at the end of the evidentiary hearing on Defendant's Motion to Suppress, which the Court denied. In particular, Defendant takes offense with the Court's finding that he was not a credible witness at the hearing to the extent that his testimony conflicted with the testimony of law-enforcement witnesses and a recording made at the scene of the arrest. In discharging its responsibilities to adjudicate Defendant's Motion to Suppress,

2  - ORDER

however, the Court was obligated to assess the credibility of all witnesses, including Defendant.  In doing so, the Court was permitted to take into account Defendant's record of felony convictions and the obvious divergence between his testimony and the testimony of the government's witnesses, some of whose testimony was objectively verified in the video recording made at the scene of Defendant's arrest.

The Court notes two federal statutes govern recusal:  28 U.S.C. § 144 and 28 U.S.C. § 455.

Section 144 provides a judge shall be disqualified when she has "a personal bias or prejudice either against [a party] or in favor of any adverse party."  A party moving for recusal under Section 144 must file a timely and legally sufficient affidavit stating "the facts and the reasons for the belief that bias or prejudice exists."  An affidavit filed pursuant to Section 144 is not sufficient, however, unless it specifically alleges facts that fairly support the contention that the judge exhibits bias or prejudice directed toward a party that "stems from an extrajudicial source."  *United States v. Sibla*, 624 F.2d 864, 868 (9th Cir. 1980).  In other words, the alleged bias must "result in an opinion on the merits on some basis other than what the judge learned from [her] participation in the case."  *United States v. Grinnell Corp.,* 384 U.S. 563, 583 (1966).  *See also United States v. Azhocar,* 581 F.2d 735, 739-40 (9th Cir. 1978).

3  - ORDER

"'An exception to [this] rule is made when a judge's remarks in a judicial context demonstrate such pervasive bias and prejudice that it constitutes bias against a party.'" *United States v. Monaco*, 852 F.2d 1143, 1147 (9th Cir. 1988)(citation omitted). A recusal motion "must be referred to another judge for a determination of its merits" under Section 144 only if the motion is supported by the required "legally sufficient affidavit." *United States v. Silba*, 624 F.2d at 868.

Here Defendant bases his allegations of prejudice on the Court's assessment of his credibility in the course of the hearing on his suppression motion. Thus, his allegations do not raise a question of bias "that stems from an extrajudicial source." Moreover, by any objective measure, the form of the Court's factual findings and legal analysis as articulated on the record falls far short of demonstrating any "pervasive bias." Thus, Defendant did not support his recusal motion with a legally sufficient affidavit, and, accordingly, there was not any basis to require a different judicial officer to consider Defendant's recusal motion under Section 144.

Similarly, 28 U.S.C. § 455(b)(1) provides a federal judge must recuse herself if she has "a personal bias or prejudice concerning a party." Although the standard for recusal based on personal bias and prejudice under Sections 144 and 455 is the same, Section 455 "is directed to the judge, rather than the

4 - ORDER

parties, and is self-enforcing on the part of the judge." *United States v. Silba*, 624 F.2d at 868. Thus, Section 455 does not include any provision for referral of the question of recusal to another judge. *Id.* As noted on the record during the proceedings on May 24, 2007, the Court has considered the merits of Defendant's recusal motion and, in the exercise of its discretion, does not find any basis to grant Defendant the relief he seeks.

IT IS SO ORDERED.

DATED this 4th day of June, 2007.

anna Brown

ANNA J. BROWN
United States District Judge

5  - ORDER