FILED'07 AUG 27 13:40USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,                          06-CR-450-BR

       Plaintiff,                              OPINION AND ORDER

v.

MICHAEL BAIRD JORDAN,

       Defendant.

KARIN J. IMMERGUT
United States Attorney
STEPHEN F. PEIFER
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204
(503) 727-1000

       Attorneys for Plaintiff

STEVEN T. WAX
Federal Public Defender
GERALD M. NEEDHAM
101 S.W. Main, Suite 1700
Portland, OR  97204
(503) 326-2123

       Attorneys for Defendant

1   -   OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on Defendant Michael Baird Jordan's *pro se* Motion to Rule on Legal Issues and Request as Set Forth in this Petition (#79). For the reasons that follow, the Court **DENIES** Jordan's Motion.

The Court also orders Jordan immediately to cease making any additional *pro se* filings and informs Jordan that the Court will strike any future *pro se* filings made in violation of this Order.

## BACKGROUND

On July 30, 2007, a jury convicted Jordan of each of the charges in a three-count Indictment; namely, Armed Bank Robbery in violation of 18 U.S.C. § 2113 (Count One), Using and Carrying a Firearm During and in Relation to the Crime of Bank Robbery in violation of 18 U.S.C. § 924(c)(Count Two), and Possession of a Firearm in violation of 18 U.S.C. § 922(g)(*i.e.*, "felon in possession of a firearm")(Count Three).

As to Count Three and the admissibility of Jordan's prior felony conviction record generally, Jordan's counsel, Assistant Federal Public Defender Gerald M. Needham, filed pretrial a Motion to Sever Count Three (#52); a Motion to Stipulate to Defendant's Prior Felony Convictions Pursuant to *United States v. Old Chief,* 519 U.S. 172 (1997)(#49); and a Motion in Limine to

Preclude Admission of Mr. Jordan's Prior Felony Convictions (#48).

Before jury selection, the Court heard argument on these and other pretrial matters and denied Jordan's Motion to Sever Count Three; accepted Jordan's stipulation under *Old Chief*; ordered the only permissible reference to Jordan's conviction history during the government's case-in-chief would be limited to Count Three and the generic fact that Defendant previously had been convicted of "a" felony crime; and ruled it would give the jury a limiting instruction that this evidence could only be used for purposes of establishing Jordan's status as a felon for Count Three and not for any other purpose, including as a basis to infer that he might be guilty of any of the crimes charged.

In the event Jordan chose to testify, however, the Court also ruled pretrial the fact that Jordan previously had been convicted of more than one felony crime (*i.e.*, of "felonies" in the plural) was admissible under Federal Rule of Evidence 609 because that fact was generally probative as to his credibility as a witness who may have a motive or interest not to testify truthfully because of the risk of another conviction. To avoid any risk of unfair prejudice arising from the introduction of evidence that Jordan previously had been convicted of other armed crimes of violence, including the shooting of an earlier robbery victim, the Court suggested and the government agreed pursuant to

3  - OPINION AND ORDER

Federal Rule of Evidence 403 that the nature and/or number of Jordan's prior felonies would not be mentioned in the jury's presence. In this context, however, the Court also ruled it would give the jury a limiting instruction that they could use the fact that Jordan had previously been convicted of "felonies" only to assess his credibility as a witness and not for any other purpose, including as a basis to infer that he might be guilty of any of the crimes charged. Finally, the Court explicitly warned Jordan pretrial that if he chose to testify, the government would be permitted to introduce evidence for the limited purpose of impeachment that Jordan previously had been convicted of more than "a" felony.

During jury selection, the Court inquired of potential jurors concerning their willingness to follow all limiting instructions from the Court, including specific inquiries of the venire regarding their willingness and ability to consider Jordan's status as a felon only as instructed (*i.e.*, to limit consideration of Jordan's status as a felon to the purpose of establishing that status substantively for Count Three). All of the jurors affirmatively agreed to follow all of the Court's instructions, including such limiting instructions. Thus, the only reference during the government's case-in-chief to Jordan's conviction history was to the fact that he previously had been convicted of "a" felony, and the jurors were instructed this

4  - OPINION AND ORDER

evidence could be considered only for the purpose of establishing Jordan's status as a felon for Count Three and could not be used to infer that he might be guilty of any crime.

After the government rested, the Court affirmatively reminded Jordan that the Court would permit the government to introduce evidence that he had previously been convicted of more than "a" felony (*i.e.*, of unspecified "felonies") if Jordan chose to testify, and the Court would also instruct the jury that they could consider this evidence only for the purpose of assessing Jordan's credibility as a witness. The Court explicitly informed Jordan this additional testimony would be admitted *only* if Jordan chose to testify. After making clear to the Court his intent to testify notwithstanding the fact that this additional evidence would be admitted, Jordan testified. During Jordan's cross-examination, the government introduced the fact that Jordan had previously been convicted of "felonies." The Court immediately instructed the jury that they could consider this evidence only to assess Jordan's credibility as a witness and not for any other purpose, including as a basis to infer that he might be guilty of any crime. The Court also instructed the jury not to speculate about the nature or number of Jordan's prior felonies.

During closing argument, the government appropriately argued the jury was entitled to consider the fact that Jordan had previously been convicted of "felonies" when deciding whether to

believe his testimony.

## DISCUSSION

In his *pro se* Motion, Jordan seeks an order "allowing and directing Petitioner's Federal Public Defender, Mr. Needham, and or Federal Public Investigator Janan Stoll to conduct interview(s) of the juror(s) in Petitioner's Jury Trial . . . to confirm and preserve through said requested interviews their illegal wrongful jury misconduct." Jordan further alleges it was misconduct for the prosecutor to refer during closing arguments to the fact that Jordan previously had been convicted of "felonies" and that it was improper for the Court to permit such a reference essentially for the same reasons his counsel outlined in the Motion in Limine to Preclude Admission of Mr. Jordan's Prior Felony Convictions (#48). Jordan also asserts he thought there would only be a single reference to the fact that he previously had been convicted of "felonies" and that he took the stand with that belief in mind.

In its response, the government raises as "a threshold matter" the question whether Jordan "should be permitted to pursue a *pro se* motion practice notwithstanding the fact that he is represented by appointed counsel." According to the government, Jordan "is now seeking what is known as 'hybrid representation,' where the accused assumes some of the lawyer's

functions." The government cautions a defendant may assume the duties and risks of hybrid representation only with leave of court and upon a knowing and intelligent waiver of his constitutional right to have his lawyer perform core functions of defense counsel. The government urges the Court "to deny hybrid representation" in this case, but, if the Court were inclined to permit it, to conduct a hearing pursuant to *Faretta v. California*, 422 U.S. 806, 835 (1975).

The Court need not speculate in this matter whether Jordan seeks hybrid representation because he unequivocally asserts he "does not want 'hybrid-representation'" in his Response (#81) in further support of the Motion now before the Court. The Court, therefore, does not see any need to conduct a *Faretta* hearing. In any event, the Court is confident Jordan's defense counsel has demonstrated his competence beyond question. To the extent Jordan were to seek hybrid representation, the Court would exercise its discretion to preclude it, particularly at this late stage of the proceedings.

Moreover, even though the Court has tolerated, responded to, and processed Jordan's *pro se* filings in the past, the Court no longer intends to extend to Jordan that courtesy, which has imposed unnecessary additional burdens on the government and the

7 - OPINION AND ORDER

Court. Thus, the Court orders Jordan immediately to cease making any additional *pro se* filings and informs Jordan the Court will strike any future *pro se* filings that he makes in violation of this Order.

As to the substance of Jordan's Motion to Rule on Legal Issues and Request as Set Forth in his Petition, the Court notes it is wholly without merit. There is not any basis to suggest any misconduct by the Court, the prosecutor, or the jurors occurred; not any basis to suggest misconduct led to Jordan's convictions; and, therefore, not any basis to permit an investigation into the jury's deliberations. To the extent Jordan contends it was legal error for the Court to permit the government to introduce evidence that he previously had been convicted of "felonies," which evidence was specifically limited to the purpose of assessing Jordan's credibility as a testifying witness, he has preserved that issue for appeal.

## CONCLUSION

For these reasons, the Court **DENIES** Defendant Michael Baird Jordan's *pro se* Motion to Rule on Legal Issues and Request as Set Forth in this Petition (#79). The Court also orders Jordan immediately to cease making any additional *pro se* filings and

8 - OPINION AND ORDER

informs Jordan the Court will strike any future *pro se* filings made in violation of this Order.

    IT IS SO ORDERED.

    DATED this 27th day of August, 2007.

                                           /s/ Anna J. Brown
                                      ANNA J. BROWN
                                      United States District Judge