FILED
MAR 11 2011

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | Criminal Case No. 06-450-KI |
| Plaintiff, | |
| | OPINION AND ORDER |
| vs. | |
| **MICHAEL BAIRD JORDAN,** | |
| Defendant. | |

      Dwight C. Holton
      United States Attorney
      District of Oregon
      Stephen F. Peifer
      United States Attorney's Office
      1000 SW Third Avenue, Suite 600
      Portland, Oregon 97204

           Attorneys for Plaintiff

Michael Baird Jordan
#72353-011
USP Victorville
P. O. Box 5300
Adelanto, California  92301

    Pro Se Defendant

KING, Judge:

    Before the court is Michael Baird Jordan's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody (#112). For the reasons below, I deny Jordan's motion.

## BACKGROUND

    The government charged Jordan with several crimes arising from the robbery of a Bank of America branch in Lake Oswego, Oregon on October 27, 2006. On July 30, 2007, a jury found Jordan guilty of all counts: (1) Count 1, armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d); (2) Count 2, using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1); and (3) Count 3, felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Judge Anna Brown applied the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1), to Count 3 and the mandatory life sentence from the "Three Strikes" statute, 18 U.S.C. § 3559(c), to Counts 1 and 2. Judge Brown sentenced Jordan to a life sentence for each count, with Counts 1 and 2 running consecutively and Count 3 running concurrently.

    Jordan filed a direct appeal to the Ninth Circuit, which affirmed the judgment on December 12, 2008. The Ninth Circuit held: (1) Jordan's pro se affidavit seeking Judge

Page 2 - OPINION AND ORDER

Brown's recusal failed to present a legally sufficient ground for recusal under 28 U.S.C. § 144; (2) a post-arrest exchange between Jordan and an arresting officer fell within the public safety exception to *Miranda*; and (3) although the officers were required to clarify whether Jordan's ruminations were an invocation of his right to remain silent, any error was harmless beyond a reasonable doubt. United States v. Jordan, No. 07-30464, 2008 WL 5195318, at *2-3 (9th Cir. Dec. 12, 2008), cert. denied, 130 S. Ct. 318 (2009). On December 10, 2009, the Ninth Circuit dismissed Jordan's second appeal for lack of jurisdiction.

## LEGAL STANDARDS

28 U.S.C. § 2255 provides, in part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Under § 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section '[u]nless the motions and the files and records of the case *conclusively show* that the prisoner is entitled to no relief.'" United States v. Blaylock, 20 F.3d 1458, 1465 (9th Cir. 1994) (quoting 28 U.S.C. § 2255). The court may deny a hearing if the movant's allegations, viewed against the record, fail to state a claim for relief or "are so palpably incredible or patently frivolous as to warrant summary dismissal." United States v. Mejia-Mesa, 153 F.3d 925, 931 (9th Cir. 1998). Mere conclusory statements in a § 2255 motion are insufficient to require a hearing. United States v. Johnson, 988 F.2d 941, 945 (9th Cir. 1993).

## DISCUSSION

I.  FDIC Insurance

To prove that the bank was federally insured, the government used testimony from two bank employees and photos of the FDIC decals displayed at the bank. Jordan argues this evidence is insufficient to prove the FDIC insured the bank at the time of the robbery. Jordan contends the government should have offered testimony from an FDIC employee or provided a document proving payment for the insurance covering the date of the robbery. He argues that the FDIC decals could have been outdated. Jordan notes testimony from a bank employee that one of the bank's FDIC certificates is listed as expired in October 2006. The employee went on to explain that this was an anomaly caused by a merger between Bank of America Oregon and Bank of America National, resulting in the bank being covered under the national certificate and never losing FDIC coverage.

Jordan did not raise the FDIC issue on direct appeal. "A § 2255 movant procedurally defaults his claims by not raising them on direct appeal and not showing cause and prejudice or actual innocence in response to the default." United States v. Ratigan, 351 F.3d 957, 962 (9th Cir. 2003) (citing Bousley v. United States, 523 U.S. 614, 622, 118 S. Ct. 1604 (1998)), cert. denied, 543 U.S. 843 (2004). "To establish actual innocence, petitioner must demonstrate that, 'in light of all the evidence,' 'it is more likely than not that no reasonable juror would have convicted him.'" Bousley, 523 U.S. at 623 (quoting Schlup v. Delo, 513 U.S. 298, 327-328, 115 S. Ct. 851 (1995)). "Actual innocence means factual innocence, not mere legal insufficiency." Id. (internal quotation omitted).

Page 4 - OPINION AND ORDER

Kenneth Austin, Bank of America's regional manager for protective services, testified for the government. His job includes confirming FDIC insurance coverage, and he receives quarterly notifications that the bank has paid the FDIC assessment. Austin testified that the bank was FDIC insured without interruption during the 15 years before trial, including on the day of the robbery. His testimony is sufficient to prove that the bank was federally insured at the time of the robbery.

Jordan has not shown cause for failing to raise the FDIC issue on direct appeal. His claim of ineffective assistance of counsel is not persuasive because of the strong testimony by Austin proving this element of the crime. Moreover, Jordan has not persuaded me that he is actually innocent. The Ninth Circuit commented on the overwhelming evidence of his guilt. Jordan, 2008 WL 5195318, at *3.

I conclude that Jordan is procedurally defaulted from raising the sufficiency of FDIC coverage and, furthermore, the government adequately proved the element of the crime.

Jordan makes a few related arguments which I will briefly address on the merits even though these arguments are also procedurally defaulted. First, he argues that the government's failure to prove FDIC insurance at the time of the crime deprives the court of jurisdiction. Jordan is incorrect, even if the government had a failure of proof. A defendant's contention that the government failed to prove the bank was FDIC insured at the time of the robbery is a question of the legal sufficiency of the evidence of one element of the offense and does not affect the court's subject matter jurisdiction to hear the case. Ratigan, 351 F.3d at 964.

Jordan next argues the jury committed misconduct for failing to follow the instruction that the government has the burden to prove every element of the charge beyond a reasonable

Page 5 - OPINION AND ORDER

doubt. I agree with the government that this is a rehash of Jordan's insufficient evidence argument.

Jordan makes a brief statement that he received ineffective assistance of counsel concerning the FDIC issue. Based on the strength of Austin's testimony, counsel's performance was not deficient in failing to raise the issue on appeal.

Finally, Jordan argues the prosecutor committed misconduct by offering a photo of the FDIC decal displayed at the bank when the prosecutor knew it was not an accurate copy. Jordan offers no reason to believe that the decal was altered or counterfeit. "To warrant habeas relief, prosecutorial misconduct must so infect the trial with unfairness as to make the resulting conviction a denial of due process." Id. There is no evidence of unfairness concerning the bank's FDIC insurance.

In summary, I deny Jordan's § 2255 motion on the FDIC insurance issue.

II.     Recusal of Trial Judge

Jordan argues that he did not receive a fair tribunal because Judge Brown concealed her association with the Lake Oswego Police Department until after the trial. In response to a motion for new trial Jordan filed after he appealed his conviction, Judge Brown entered an order:

> The Court notes this matter is pending appeal and, therefore, this Court no longer has jurisdiction to consider Defendant's Motion and must DENY the Motion. As a courtesy to the parties and the Court of Appeals, however, the District Court Judge who presided over this matter provides the following information for the record: Before law school, the assigned District Judge was employed from 1970 to 1973 in a variety of clerical and support capacities for the City of Lake Oswego, Oregon, and assigned to the Lake Oswego Police Department. In 1977, she married Paul T. Brown, who was then employed as a police sergeant for the same agency, who retired as a police lieutenant in March 1998, and who has not had any affiliation with the Lake Oswego Police Department since then. For a period of several years before the events giving rise to this case, the District Judge

has not had any relationship with any employee of the Lake Oswego Police
Department that would warrant recusal on any basis.

United States v. Jordan, Cr. No. 06-450-KI, Docket Entry #100, Mar. 24, 2008.

Jordan claims that Judge Brown should have recused herself because of her association with, knowledge of, and loyalty to the Lake Oswego Police Department and its officers who testified against Jordan at trial.

Jordan raised Judge Brown's alleged bias on direct appeal, and the Ninth Circuit rejected the argument. After declining to address Jordan's pro se motion because it was not in Jordan's opening brief, the Ninth Circuit added: Even if we were to consider the merits of his claims, the district judge did not abuse her discretion in declining to recuse herself for an association with the Lake Oswego Police Department that ended nearly a decade prior to this litigation." Jordan, 2008 WL 5195318, at *2 n.1.

If a matter is decided adversely on appeal from a conviction, the matter cannot be relitigated in a § 2255 motion. United States v. Scrivner, 189 F.3d 825, 828 (9th Cir. 1999). Thus, Jordan is barred from raising the issue before me. Further, in his motion for discovery, Jordan asks to have Judge Brown and her husband answer extensive interrogatories concerning their relationships with the Lake Oswego Police Department. Because the claim is barred, there is no need for me to decide whether Jordan is entitled to the discovery. I deny his motion for discovery.

III.  Jordan's Statements at the Lake Oswego Police Department

Jordan raises three arguments to support his contention that he should be granted a new trial because the judge failed to suppress the statements he made at the Lake Oswego Police

Department. First, Jordan claims that his statements were coerced, and he did not waive his *Miranda* rights, because he was held in an interrogation room without food, water, or a toilet, and the officers withheld his asthma inhaler even after Jordan suffered an asthma attack. Second, Jordan claims he did not make any incriminating statements, and the interrogating officers destroyed the video recording of the interrogations so that they could testify to the contrary. Jordan also maintains that he replied, "I'm not sure" when asked if he understood his *Miranda* rights but the interrogation proceeded without further explanation. Third, Jordan claims that he received ineffective assistance when trial counsel did not ask the court to enforce a subpoena duces tecum for FBI records about the agency's policy against recording interrogation sessions.

The Ninth Circuit considered the general issue on appeal and decided the officers should have clarified whether Jordan invoked his right to remain silent. The court concluded, however, that any error was harmless beyond a reasonable doubt because of the overwhelming evidence of Jordan's guilt. Id. at *3. Thus, under Scrivener, Jordan is barred from relitigating the admissibility of his statements. The ineffective assistance claim is without merit because the Ninth Circuit ruling would not be different even if counsel made further attempts to get the FBI policy document.

IV.    Jury Note During Deliberations

Jordan claims the trial judge erred in how she dealt with a jury note. Jordan maintains he had a right to be brought to the courtroom when the judge discussed the note with counsel. He also contends the jurors should not have watched DVD exhibits in the courtroom during their deliberations with the bailiff present but without defense counsel. Finally, Jordan is concerned

that the jury reached a verdict only five minutes after the judge brought the jury into the courtroom to read her response to the note.

Jordan had the opportunity to raise this on direct appeal but he did not. As explained above, Jordan has met neither the cause and prejudice nor the actual innocence exceptions to the requirement to raise the issue on direct appeal. Consequently, he procedurally defaulted his claims based on the jury note and cannot raise the issue in his § 2255 motion.

I will comment briefly on the merits of Jordan's arguments. Due process requires either a defendant *or* his counsel to be present in a conference about a jury note. Frantz v. Hazey, 533 F.3d 724, 743 (9th Cir. 2008). Because Jordan's counsel was present, Jordan was not entitled to attend also.

The issue is closer concerning whether defense counsel, or presumably Jordan, should have been present in the courtroom when the bailiff played the DVD exhibits for the jury. In United States v. Kupau, 781 F.2d 740 (9th Cir.), cert. denied, 479 U.S. 823 (1986), an FBI agent operated a tape machine to play audio exhibits for the jury during deliberations. Defense counsel, the defendant, the prosecutor, the judge, and the court reporter were not present. The judge cleared the courtroom except for the FBI agent and the jury, and the judge instructed the jury not to talk to the agent because he was only there to operate the tape machine. Id. at 742. The court held that the defendant had a right to be present when the tape was played because the jury's review of the evidence differs from the assistance a bailiff gives when dealing with the jury's physical needs. In light of the court's emphatic cautionary instructions, the court's efforts to prevent any outside influences, and lack of proof that the jury was exposed to any extraneous matters, the court held that the error was harmless beyond a reasonable doubt. Id. at 743.

Page 9 - OPINION AND ORDER

Similarly, there is no evidence here that the jury was exposed to any extraneous matters. The situation is also less egregious than in Kupau because the bailiff is not associated with either side, like the FBI agent in Kupau. Any error was harmless.

V.   Motion to Sever Count 3

Jordan claims that the trial judge erred by refusing to grant a motion to sever for separate trial the count alleging felon in possession of a firearm from the counts for armed bank robbery and using a firearm during a crime of violence. The court gave the jury a stipulation that Jordan had a prior felony conviction. When Jordan decided to testify, the court allowed evidence for impeachment purposes that Jordan had prior felony convictions. The court also gave the jury limiting instructions. The jury never heard about the details of the prior felonies, including that there were prior armed bank robbery convictions. Nevertheless, Jordan argues that trying all three counts together allowed the jury to focus on the fact that he was a convicted felon when the jury deliberated on counts alleging armed bank robbery and use of a firearm during a crime of violence.

Jordan failed to raise this issue on direct appeal and failed to make a showing for the cause and prejudice or the actual innocence exceptions to the requirement. Thus, the claim is procedurally defaulted and cannot be raised in this § 2255 motion.

VI.   Jordan's Medical Emergency

On the fourth morning of trial, a Friday, and while the jury was in the courtroom, Jordan lost consciousness and fell from his chair to the floor. The trial judge had the bailiff take the jury to the jury room, an ambulance was called, and Jordan was taken to the hospital. With permission of defense counsel, the trial judge then entered the jury room and spoke to the jury

Page 10 - OPINION AND ORDER

with neither counsel nor the court reporter present. All other communications from the trial judge to the jury were done in court with counsel present and on the record. The trial judge explained on the record what she had communicated to the jury off the record, namely, not to discuss the case in any way, including what the jurors may have observed in the courtroom.

Jordan claims that the trial judge erred: (1) by speaking to the jury without making a record; and (2) by not explaining to the jury that he had a legitimate medical emergency, which could have made the jurors hostile towards him. Further, Jordan claims defense counsel provided ineffective assistance by not objecting to the trial judge's conduct.

Jordan failed to raise the issue of the trial judge's conduct on direct appeal and failed to make a showing for the cause and prejudice or the actual innocence exceptions to the requirement. Thus, that part of the claim is procedurally defaulted and cannot be raised in this § 2255 motion.

The trial judge's only communication to the jury off the record was brief and conducted when medical personnel were attending to Jordan in the courtroom. When Jordan returned to court on Monday, the trial judge allowed him to address her personally on his objections to some of the evidence. Jordan did not raise this issue with the court.

Assuming it was error for the trial judge to address the jury off the record and without counsel present, the error is harmless if the court is persuaded "beyond a reasonable doubt that the error did not contribute to the verdict." United States v. Barragan-Devis, 133 F.3d 1287, 1289 (9th Cir. 1998). The court is to consider the "probable effect of the message actually sent, . . . the likelihood that the court would have sent a different message had it consulted with

Page 11 - OPINION AND ORDER

appellants beforehand and . . . whether any changes in the message that appellants might have obtained would have affected the verdict in any way." Id.

There is no evidence that the trial judge said anything prejudicial about Jordan when speaking briefly to the jury off the record. Jordan merely speculates when he suggests otherwise. He does not provide a statement the trial judge should have made to the jury which differs from her subsequent statement on the record of what she told the jury off the record. I cannot imagine what else the trial judge would have briefly communicated during the emergency. I also disagree with Jordan's contention that the trial judge did not explain to the jury that he had a legitimate medical emergency. The trial judge told the jury, on the record, that Jordan was taken to a hospital and examined by physicians, who recommended that he not participate at the trial for the rest of the day. That statement conveys that Jordan had a legitimate medical emergency without invading his privacy. Overall, I conclude that any error by the trial judge was harmless beyond a reasonable doubt. Thus, Jordan cannot prove an ineffective assistance claim because he cannot show that defense counsel's performance prejudiced him. Strickland v. Washington, 466 U.S. 668, 687, 688 (1984).

For these reasons, Jordan's claim based on his medical emergency fails.

VII.    Double Jeopardy

Jordan argues that the prosecution of counts one and two, for armed bank robbery and using a firearm during a crime of violence, violates the constitution's prohibition of double jeopardy because the two offenses are factually related.

Jordan failed to raise this issue on direct appeal and failed to make a showing for the cause and prejudice or the actual innocence exceptions to the requirement. Thus, the claim is

procedurally defaulted and cannot be raised in this § 2255 motion. Moreover, the claim fails on the merits. United States v. Blocker, 802 F.2d 1102, 1104-05 (9th Cir. 1986) (a defendant may be sentenced cumulatively for armed bank robbery, 18 U.S.C. § 2113(d), and possession of a firearm during commission of a crime of violence, 18 U.S.C. § 924(c)).

VIII.   Police Video Recordings

Jordan claims that the trial judge erred by not suppressing a videotape made when he was in the police car. He contends that the video has a gap of about seven minutes during which he made exculpatory statements: (1) he asked for a lawyer; (2) he asked for his asthma medicine; and (3) he stated that he had not committed any crime. The trial judge also refused to allow Jordan to reopen the evidentiary record for the suppression hearing to contemporaneously explain the statements he made during the gap in the video. According to Jordan, this resulted in the trial judge compelling him to testify at trial about his statements because the transcript of his explanation during the motion hearing could not be read to the jury at trial.

Jordan failed to raise this issue on direct appeal and failed to make a showing for the cause and prejudice or the actual innocence exceptions to the requirement. Thus, the claim is procedurally defaulted and cannot be raised in this § 2255 motion.

Again, the claim also fails on the merits. The prosecutor explained during a motion hearing that the supposed gap was actually a delay in starting the second video camera in the police car. Moreover, the prosecutor provided defense counsel, and played at trial, all of the videotape that was recorded. Thus, the trial judge did not violate Federal Rule of Evidence 106, the rule of completeness, because the complete recording was played for the jury.

## CONCLUSION

No issues require an evidentiary hearing. Jordan's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody (#112), Jordan's Motion for Discovery (#120), and Jordan's Ex Parte Motion to Take Judicial Notice re the Certificate of Appealability (#132) are denied. Because petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability is denied. See 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED

Dated this _11th_ day of March, 2011.

_____
Garr M. King
United States District Judge