IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 3:06-cr-00450-HZ |
| Plaintiff, | |
| v. | |
| MICHAEL BAIRD JORDAN, | OPINION & ORDER |
| Defendant. | |

Billy J. Williams
UNITED STATES ATTORNEY
District of Oregon
Suzanne B. Miles
ASSISTANT UNITED STATES ATTORNEY
1000 S.W. Third Avenue, Suite 600
Portland, Oregon 97204-2902

    Attorneys for Plaintiff

/ / /
/ / /

1 - OPINION & ORDER

Elizabeth G. Daily
ASSISTANT FEDERAL PUBLIC DEFENDER
Stephen R. Sady
CHIEF DEPUTY FEDERAL DEFENDER
101 S.W. Main Street, Suite 1700
Portland, Oregon 97204

    Attorneys for Defendant

HERNANDEZ, District Judge:

In this 28 U.S.C. § 2255 motion, Defendant Michael Baird Johnson challenges his conviction for using a firearm in relation to a crime of violence under 18 U.S.C. § 924(c) and seeks resentencing as to his remaining convictions. I deny the motion.

## BACKGROUND

On July 31, 2007, a jury found Defendant guilty of three charges: (1) Count 1: armed bank robbery in violation of 18 U.S.C. § 2113; (2) Count 2: using and carrying a firearm during and in relation to the crime of armed bank robbery in violation of 18 U.S.C. § 924(c)(1); and (3) Count 3: felon in possession of a firearm in violation of 18 U.S.C. § 922(g). July 31, 2007 Jury Verdict, ECF 78. Defendant received consecutive life sentences on Courts 1 and 2. Judgment, ECF 87. He also received a life sentence on Count 3, to be served concurrently to the life sentence imposed on Count 1. *Id.* The life sentences on Counts 1 and 2 were imposed pursuant to 18 U.S.C. § 3559(c)(1)(A)(ii). Statement of Reasons, ECF 88. The life sentence on Count 3 was imposed under § 924(e).

In a Supplemental Statement of Reasons, Judge Brown found that in 1966 and again in 1980, Defendant had been previously convicted of armed bank robbery and unarmed bank robbery in violation of 18 U.S.C. § 2113. Supp'l Statement of Reasons 3-4, ECF 89. She also

found that he had been convicted of fourteen different felonies in California in 1987. *Id.* As a result, Judge Brown determined that these prior convictions qualified as violent felonies under 18 U.S.C. § 3559(c). *Id.* at 6-7. Accordingly, mandatory life sentences were required for Counts 1 and 2. *Id.* Additionally, Judge Brown explained, § 924(c)(1)(D)(ii) required that these life sentences be consecutive, not concurrent. *Id.* Finally, on Count 3, § 922(g)(1) triggered a mandatory minimum of fifteen years under § 924(e) because, Judge Brown found, Defendant "easily satisfie[d]" the criteria of having three violent felonies that were committed on occasions different from one another. *Id.* at 7-8. She then imposed the concurrent life sentence on Count 3.

Defendant's direct appeal was denied. *United States v. Jordan*, 303 F. App'x 439 (9th Cir. 2008). Defendant then filed a 28 U.S.C. § 2255 motion which was denied on March 11, 2011. ECF 134. In May 2017, after receiving authorization from the Ninth Circuit to file a second or successive 28 U.S.C. § 2255 motion based on *Johnson v. United States*, 135 S. Ct. 2551 (2015), Defendant filed the instant motion. ECF 149; *see also* ECF 149-1 (Ninth Cir. Order). Counsel was promptly appointed and after some delay, the motion was fully briefed in May 2019.

## STANDARDS

Under § 2255, a federal prisoner in custody may move the sentencing court to vacate, set aside, or correct a sentence on the basis that the sentence violates the Constitution or the laws of the United States. 28 U.S.C. § 2255(a); *United States v. Withers*, 638 F.3d 1055, 1062 (9th Cir. 2011) (citing *Davis v. United States*, 417 U.S. 333 (1974)). The petitioner must demonstrate that an error of constitutional magnitude had a substantial and injurious effect or influence on the guilty plea or the jury's verdict. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993); *see also*

*United States v. Montalvo*, 331 F.3d 1052, 1058 (9th Cir. 2003) ("We hold now that *Brecht's* harmless error standard applies to habeas cases under section 2255, just as it does to those under section 2254."). A hearing is unnecessary in cases where "the files and records . . . conclusively show that the prisoner is entitled to no relief[.]" 28 U.S.C. § 2255(b). Here, because there are no facts in dispute and the questions presented raise solely legal issues, no hearing is required.

DISCUSSION

Defendant argues that his conviction under § 924(c) must be vacated because his armed bank robbery conviction under 18 U.S.C. § 2113(a) & (d) is not a "crime of violence" as that phrase is defined in § 924(c)(3). For the same reason, and based on his contention that none of the 1987 California state convictions are violent felonies, he further argues that he should be resentenced on the other two counts.

Section 924(c)(1)(A) provides a mandatory additional sentence for "any person who, during and in relation to any crime of violence . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm[.]" 18 U.S.C. § 924(c)(1)(A). Defendant's Count 2 conviction was based on his use of a firearm during and in relation to his Count 1 armed bank robbery conviction.

For purposes of § 924(c)(1)(A),

the term "crime of violence" means an offense that is a felony and-

(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). Paragraph A is referred to as the "force clause" and paragraph B is referred to as the "residual clause." *E.g.*, *United States v. Bundy*, No. 3:16-cr-00051-BR, 2016 WL 3361490, at *1 (D. Or. June 10, 2016).

In *Johnson*, the Supreme Court found the residual clause of a similar definition for "violent felony" in the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA"), unconstitutionally void for vagueness. 135 S. Ct. at 2557. In 2016, the Supreme Court concluded that *Johnson* announced a substantive rule that applied retroactively on collateral review. *Welch v. United States*, 136 S. Ct. 1257 (2016). As Defendant recognizes, *Johnson* addressed the phrase "violent felony" in the ACCA, not the phrase "crime of violence" in § 924(c). However, in a 2018 case, the Supreme Court held that the residual clause definition of the phrase "crime of violence" in 18 U.S.C. § 16(b), which is identical to the one in § 924(c), was unconstitutionally vague. *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018). Based on the invalidation of the residual clauses in *Johnson* and *Dimaya*, Defendant argues that federal armed bank robbery no longer qualifies as a "violent felony" under the ACCA or as a "crime of violence" under § 924(c). Additionally, he contends that his prior California convictions no longer qualify as violent felonies under the ACCA. Therefore, he argues that his § 924(c) conviction is invalid and that he should be resentenced on the other two counts.

The Government argues that Defendant's challenge does not rely on *Johnson*'s new rule because *Johnson* was limited to the residual clause of § 924(e) and did not address similarly worded clauses in other statutes. As a result, the Government contends that Defendant's § 2255 motion does not meet the threshold requirements for a second habeas petition under § 2255(h). As to the merits, the Government argues that governing Ninth Circuit law holds that federal

5 - OPINION & ORDER

armed and unarmed bank robbery are crimes of violence under § 924(c)'s force clause. Additionally, the Government cites to Ninth Circuit authority concluding that a California conviction for assault with a deadly weapon is a violent felony. Based on these Ninth Circuit cases, the Government contends that Defendant's motion must be denied. Because I agree with the Government on the merits, I decline to address the procedural invalid petition argument.

In *United States v. Davis*, No. 18-431, 2019 WL 2570623 (U.S. June 24, 2019), the Supreme Court concluded that the "crime of violence" definition in the residual clause of § 924(c)(3)(B) is unconstitutionally vague. Because the crime of violence definition in the residual clause is constitutionally invalid, the focus is then on § 924(c)(3)(A)'s force clause. Def.'s Supp'l Mem. 6, ECF 172.

Defendant acknowledges that in 2018, the Ninth Circuit held that bank robbery under § 2113 is a "crime of violence" under the force clause in § 924(c)(3)(A). *United States v. Watson*, 881 F.3d 782, 785 (9th Cir.), *cert. denied*, 139 S. Ct. 203 (2018). Defendant contends that *Watson*'s conclusion "is wrong." Def.'s Supp'l Mem. 8. But, *Watson* is controlling law in the Ninth Circuit and this Court is bound by that decision. *E.g.*, *Hasbrouck v. Texaco, Inc.*, 663 F.2d 930, 933 (9th Cir. 1981) ("District courts are bound by the law of their own circuit."). No post-*Watson* intervening authority is apparent here. *See Miller v. Gammie*, 335 F.3d 889, 893, 900 (9th Cir. 2003 (en banc) (three-judge circuit panel and district courts are bound by prior circuit decisions unless the prior decision's "reasoning or theory" is "clearly irreconcilable" with reasoning or theory of intervening higher authority). Thus, I agree with the Government that under *Watson*, Defendant's Count 1 conviction for federal armed bank robbery, as well as his prior 1966 and 1980 convictions for federal armed bank robbery, are all "crimes of violence."

Count 1, therefore, supports the § 924(c)(1)(A) conviction for using a firearm during or in relation to a crime of violence.

As to the sentencing issues, the prior federal armed bank robbery convictions from 1966 and 1980 are "violent felonies" and were properly used to support the mandatory life sentences under § 3559(c) on Counts 1 and 2 as well as the enhanced § 924(e) ACCA sentence on Count 3. *See Watson*, 881 F.3d at 785 (bank robbery requires "at least an implicit threat to use . . . violent physical force") (internal quotation marks omitted); *compare* § 924(c)(3)(A) (§ 924(c) force clause defining "crime of violence" as an offense that is a felony and "has as an element the use, attempted use, or threatened use of physical force against the person or property of another") *with* § 924(e)(2)(B)(i) (§ 924(e) force clause using identical definition for "violent felony"); *and with* § 3559(c)(2)(F) (listing robbery under § 2113 as meeting the definition of "serious violent felony" and also including "any other offense . . . that has as an element the use, attempted use, or threatened us of physical force against the person of another").

Additionally, in a 2016 case, the Ninth Circuit held that a conviction for assault with a deadly weapon under California law is also a violent felony for purposes of § 924(e). *United States v. Vasquez-Gonzalez*, 901 F.3d 1060, 1067-68 (9th Cir. 2016). Although Defendant argues that *Vasquez-Gonzalez* "misconstrued state law," Def.'s Supp'l Mem. 19, *Vasquez-Gonzalez* is binding on this Court. Thus, Defendant has three previous convictions for a violent felony committed on occasions different from one another under § 924(e)(1).

Finally, the Court declines to issue a Certificate of Appealability because Defendant has not made a substantial showing of the denial of a constitutional right pursuant to § 2253(c)(2). The *Watson* decision is binding precedent on this Court, and as the Ninth Circuit noted there, it

reached the same conclusion as "every other circuit to address the same question." *Watson*, 881 F.3d at 785. Because of the certainty of dismissal of the § 2255 motion under *Watson* and *Vasquez-Gonzalez*, the Court will not issue a Certificate of Appealability.

CONCLUSION

Defendant's § 2255 motion [149] is denied.

IT IS SO ORDERED.

Dated this 26 day of June, 2019

Marco A. Hernandez
United States District Judge