IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 3:06-cr-00450-HZ |
| Plaintiff, | ORDER |
| v. | |
| MICHAEL BAIRD JORDAN, | |
| Defendant. | |

HERNÁNDEZ, District Judge:

Defendant Michael Baird Jordan moves the Court to reduce his sentence to time served under 18 U.S.C. § 3582(c)(1)(A)(i).[1] The Government opposes Defendant's motion. Because Defendant has demonstrated extraordinary and compelling reasons for his release and a reduction

---

[1] The Government concedes that Defendant has satisfied the exhaustion requirement of the statute. *See* 18 U.S.C. § 3582(c)(1)(A).

1 – ORDER

in his sentence would not undermine the sentencing factors under § 3553(a), the Court grants Defendant's motion.

A federal district court generally "may not modify a term of imprisonment once it has been imposed[.]" 18 U.S.C. § 3582(c); *see also Dillon v. United States*, 560 U.S. 817, 824–25 (2010). Under 18 U.S.C. § 3582(c)(1)(A), Congress provided an exception, commonly known as compassionate release, to reduce a defendant's sentence for "extraordinary and compelling reasons." Under the original statute, only the Director of the Bureau of Prisons ("BOP") could file a § 3582(c)(1)(A) motion for a sentence reduction on a defendant's behalf. *United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021). But with the passage of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5191 (2018), Congress amended § 3582(c)(1)(A) to also allow a defendant, after first requesting the BOP move for a reduction on his or her behalf, to directly move the district court for a sentence reduction:

> [T]he court, . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> > (i)  Extraordinary and compelling reasons warrant such a reduction; [. . . ]
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

The United States Sentencing Commission's policy statement identifies categories of extraordinary and compelling reasons, including the defendant's age, medical condition, and "family circumstances." U.S.S.G. § 1B1.13 app. n.1(A)-(C). The Sentencing Commission's policy statement, however, only applies to § 3582(c)(1)(A) motions filed by the BOP Director on behalf of a defendant. *Aruda*, 993 F.3d. at 802. On a defendant's direct motion for compassionate

release, the policy factors "may inform a district court's discretion . . ., but they are not binding." *Id.* (citation omitted). As a result, the court may consider any extraordinary and compelling reason for release that a defendant might raise. *Id.*

In this case, Defendant's health conditions constitute extraordinary and compelling reasons for his release, and a reduction in Defendant's sentence would not undermine the sentencing factors in § 3553(a). Defendant is 82 years old and suffers from Parkinson's, Chronic Obstructive Pulmonary Disease (COPD), congestive heart failure, cardiomyopathy, hypertension, and has significant vision impairment. Def. Exs. E, L, R, S. He has required a wheelchair since 2010. Def. Exs. K, F. These conditions limit Defendant's mobility, his ability to provide self-care, and make him particularly vulnerable to serious complication from COVID-19. Though Defendant has a significant criminal history, he is a low risk to the community. While in prison, he has received no disciplinary citations and has completed rehabilitative programming. Def. Exs D, E, H. Defendant is no longer a danger to the community. He has served 171 months of his consecutive life sentences for armed bank robbery and use of a firearm in furtherance of a crime of violence. This significant period of incarceration reflects the seriousness of the offense and affords adequate deterrence to criminal conduct. Accordingly, the Court finds that compassionate release is warranted.

///

///

///

///

///

///

3 – ORDER

## CONCLUSION

The Court GRANTS Defendant's Motion to Reduce Sentence Pursuant to U.S.C. § 3582(c)(1)(A)(i) [181]. Defendant's sentence is reduced to time served effective 10 days from the entry of the amended judgment, if the BOP has determined that Defendant is COVID-19 negative. If the BOP cannot make this determination by that date, the Government shall notify the Court without delay.

Defendant's special conditions of supervision will further be modified to include a five-year period of supervision. After his release, Defendant will be placed in a residential reentry center for up to 120 days until VA housing becomes available. Defendant will also serve a period of 180 days of home detention with location monitoring, which will be suspended until Defendant leaves the residential reentry center and the Court is notified by probation that home detention is useful and appropriate based on an assessment of Defendant's housing.

IT IS SO ORDERED.

DATED: September 28, 2021.

*Marco Hernandez*
MARCO A. HERNÁNDEZ
United States District Judge

4 – ORDER